THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM
TERRITORY OF GUAM

INA GILL,

    Plaintiff,

v.

TAKECARE INSURANCE COMPANY, INC.,

    Defendant.

CASE NO. C11-00003-JCC

ORDER

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 5), Plaintiff's response (Dkt. No. 27), and Defendant's reply (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court grants the motion for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff alleges various causes of action for fraud, concealment, and deceit arising out of an employee-benefit or insurance plan. Plaintiff, whose husband died in 2009, asserts that Defendant improperly denied her and her husband coverage for medical and other costs associated with her husband's death. Plaintiff further alleges that Defendant improperly invoked an arbitration clause and failed to investigate her husband's claim for coverage under the plan. Defendant, having removed this action to federal court under federal-question jurisdiction, moves for summary judgment on the ground that the coverage plan is subject to the Employee

Retirement Income Security Act (ERISA) and that ERISA preempts Plaintiff's claims for damages arising under state or territorial law.

## II. DISCUSSION

Summary judgment is an appropriate vehicle for deciding an ERISA matter. *Gilliam v. Nevada Power Co.*, 488 F.3d 1189, 1192 n.3 (9th Cir. 2007). "A challenge to an ERISA plan's denial of benefits is reviewed *de novo* unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Jebian v. Hewlett-Packard Co. Emp. Benefit Org. Income Prot. Plan*, 349 F.3d 1098, 1102 (9th Cir. 2003) (quotation marks omitted). However, the Court must first determine whether Plaintiff has stated any actionable claims for relief under ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987) ("To summarize the pure mechanics of the provisions quoted above: If a state law relates to employee benefits plans, it is pre-empted." (quotation marks omitted)); *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 418 (9th Cir. 1990) ("Recently, the Court has reiterated that the express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern. For these reasons, we find that Congress did intend ERISA to preempt claims that relate to an employee benefit plan even if the defendant is a nonfiduciary." (citation and quotation marks omitted)).

Any state-law cause of action that "duplicates, supplements, or supplants" ERISA's civil-enforcement remedies is completely preempted by ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *see also Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) ("The pre-emption clause is conspicuous for its breadth. Its deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern." (citation and quotation marks omitted)). Accordingly, state-law claims for relief available under ERISA are preempted.

The Court concludes that the coverage afforded under Plaintiff's plan is subject to ERISA. The plan fits squarely within ERISA's expansive definition: "any plan, fund, or program

. . . established or maintained by an employer or by an employee organization, or by both, . . . providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1); *see also* (Dkt. No. 7) ("Group Insurance Policy of TakeCare Insurance Company, Inc.").

The Court disagrees with Plaintiff's position that the coverage at issue is merely a policy of health insurance and not preempted by ERISA. Plaintiff is initially correct that ERISA does not cover a plan where the only participants are an individual and his or her spouse with respect to a business that is wholly owned by the individual or by the individual and his or her spouse. 29 C.F.R. 2510.3-3(b); *see also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 21 (2004) ("Plans that cover only sole owners or partners and their spouses, the regulation instructs, fall outside Title I's domain. Plans covering working owners *and* their nonowner employees, on the other hand, fall entirely within ERISA's compass." (footnotes omitted)). Here, Plaintiff's application for group benefits identified *three* employees eligible for coverage. (Dkt. No. 29 at 3); *see also* Dkt. No. 27 at 8 (Plaintiff stating that "the employer's role had been limited to collecting premiums from Mr. Gill and a former employee who at one time was under the plan"). Because the plan at issue was group coverage for more than the owner and his spouse, it is subject to ERISA.

Plaintiff contends that at the time of her husband's death, the plan covered only Plaintiff and her husband, the business owner. That is, Plaintiff contends that the plan was no longer maintained as an ERISA plan. However, even if at the time of death the plan covered only Plaintiff and her husband, it remained under ERISA's broad preemptive parameters because it was established as a group plan. *See* 29 U.S.C. § 1002(2)(A) ("'[E]mployee pension benefit plan' and 'pension plan' mean any plan, fund, or program which was heretofore or is hereafter established *or* maintained by an employer or by an employee organization, or by both . . . ." (emphasis added); *Judith Miller, M.A., LMFCT v. Provident Life & Accident Ins. Co.*, No.

CV99–9464ABCRNBX, 2000 WL 1341480, at *4 (C.D. Cal. 2000) ("[A]n insurance policy that *was* part of an established ERISA plan is governed by ERISA even if the plan is no longer maintained as an ERISA plan by the employer. Ninth Circuit case law also supports this interpretation."); *see also Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 408 (9th Cir. 1995) ("Moreover, the American policy originally covered a non-partner employee in addition to Peterson and his partner. A policy is governed by ERISA if it is '*established* or maintained by an employer . . . for the purpose of providing [medical insurance] for its participants or their beneficiaries.' 29 U.S.C. § 1002(1) (emphasis added)."); *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 817 (9th Cir. 1992) ("Because the Greanys would not be eligible for a conversion policy without first belonging to the class of beneficiaries covered by the ERISA group plan, we conclude that the individual conversion benefits are part of the ERISA plan and are thus governed by ERISA."); *Nix v. United Health Care of Ala. Inc.*, 179 F. Supp. 2d 1363, 1370 (M.D. Ala. 2001) ("In other words, it is enough under the statute that, at its inception, the plan was an ERISA plan, covering both an employee and a non-employee." (footnote omitted)). Accordingly, the plan is subject to ERISA despite the contention that only Plaintiff and her husband were covered at the time of death.

The Court also rejects Plaintiff's contention that the plan at issue falls under ERISA's safe-harbor provision. *See* 29 C.F.R. § 2510.3-1(j). Plaintiff must meet all four of the following criteria for exemption: (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deduction. *Id.* Here, Plaintiff's policy-renewal application explicitly stated that 100 percent of the coverage was paid by the employer, not the individual employee. Plaintiff further admits that no one other than the

employer participates without approval of the owner, and the plan itself requires no fewer than two enrollees (Dkt. No. 7 at 7). Moreover, ERISA contemplates a clear distinction between the employer and the employee. *See DiMaria v. First Unum Life Ins. Co.*, No. 01 Civ. 11413(TPG), 2003 WL 21018819, at *4 (S.D.N.Y. 2003) ("Where, as here, a sole proprietorship with one employee has established an employee benefit plan that is otherwise clearly governed by ERISA, the court would draw too fine a distinction to make the question whether the employer made a contribution hang on the employer's choice of bank accounts or degree of tax planning. Such a holding would suggest that sole proprietors could easily circumvent the intention of Congress to regulate such plans under ERISA. The 'safe harbor' regulation appears to permit a much narrower exception.").

Finally, the Court concludes that Plaintiff's cause of action for Deceptive Trade Practices Act violations is preempted by ERISA. ERISA does not preempt state laws that regulate insurance. 29 U.S.C. § 1144(b)(2)(A). However, those laws "must be specifically directed toward entities engaged in insurance" and they "must substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 334, 337 (2003). "[L]aws of general application that have some bearing on insurers do not qualify." *Id.* at 334. Here, Guam's Deceptive Trade Practices Act is plainly a law of general application. *See* 5 Guam Code Ann. § 32201(a) ("False, misleading, or deceptive acts or practices, including, but not limited to those listed in this chapter, are hereby declared unlawful and are subject to action by the Attorney General or any person as permitted pursuant to this chapter or other provisions of Guam law."). The law is not specifically directed toward entities engaged in insurance, and it does not substantially affect the risk-pooling arrangement. Accordingly, ERISA preempts Guam's Deceptive Trade Practices Act.[1]

---

[1] The Court denies Plaintiff's request to defer ruling on Defendant's motion for summary judgment under Rule 56(d). Plaintiff has not stated any "specified reasons" showing why she cannot present facts essential to justify opposition at this time.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for summary judgment (Dkt. No. 5). Plaintiff may, within twenty-one days of the date of this order, move to amend her complaint to add claims she suggests may be heard under ERISA. The Court is currently satisfied that Plaintiff has sufficient standing to continue this action, but the Court grants Defendant leave to reassert the standing issue if Plaintiff chooses to amend her complaint.

DATED this 13th day of October 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE